HERMAN E. LONG *vs.* NICHOLAS J. MILLER.

April 2, 1891.

**Vendor and Purchaser—Curable Defect in Title—Right of Vendor to Rescind.**—A contract for the sale of land, at the making of which a part of the price was paid, provided that if the title should not be good, and should be refused by the purchaser, the contract should be void, and the money paid should be returned; but it also allowed a specified time for curing defects in the title. *Held,* that the contract did not *obligate* the vendor to cure defects in his title, even though he might be able to do so. If his title, being imperfect, were not accepted, he might terminate the contract, repaying the purchase-money received.

**Same—Tender of Deed Excused.**—Evidence *held* sufficient to justify a finding that the purchaser refused to accept an incumbered title, and hence a tender of a deed by the vendor was not necessary.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns,* J., presiding, refusing a new trial.

*Wm. W. Billson,* and *Cant & Brigham,* for appellant.

*Cash & Williams* and *Tear & Davies,* for respondent.

DICKINSON, J.[1] The plaintiff sues to enforce the specific performance of a contract made August 30, 1889, for a sale of real estate by the defendant to the plaintiff. The contract contemplated that the land should be conveyed by warranty deed, free from incumbrance, 10 days being allowed for the examination of title. It provides that "if the title is not good," and should be refused on that ground, the contract should be void, and the earnest-money which was paid by the plaintiff ($300) should be refunded. If the title should be found to be good, but should not be accepted within the time specified, the earnest-money should be forfeited. If there were defects in the title which could be cured, time should be allowed for that purpose, not exceeding 10 days. In fact there was a mortgage covering a part of the land, so that the defendant was unable to give a clear title. By the terms of the contract time was made essential. While the plain-

---

[1] Mitchell, J., was necessarily absent when this decision was filed, and did not take part in it.

tiff now declares his willingness to accept a conveyance notwithstanding the incumbrance, the trial court declined to find that he consented to do so prior to the 26th of November. But before that time, and on the 3d of October, the defendant notified the plaintiff that, unless the transaction should be completed by the next day,—that is, unless the plaintiff should then accept a conveyance and pay the price agreed to be paid,—the contract would be terminated. On the following day the plaintiff declined to do as required, and demanded the repayment of the earnest-money, which the defendant refused. The court refused to enforce specific performance, but directed judgment in favor of the plaintiff for the recovery of the $300 paid at the making of the contract. The plaintiff appealed from an order refusing a new trial.

It is assigned as error that the finding of the court that the defendant was "unable to give a clear title" is not justified by the evidence. This does not mean that the defendant was unable to *procure,* and then to convey, a clear title, but that he had not such a title to convey. The contract did not obligate the defendant to *procure* an unincumbered title. It allowed the plaintiff to refuse to accept a conveyance of the plaintiff's title if it was not free from incumbrance. It also afforded the defendant a limited opportunity to perfect his title by removing the incumbrance, but it placed him under no obligation to do so.

In view of the evidence of the negotiations and conduct of the parties, not only on the 3d and 4th days of October, but prior to that time, the court was justified in finding that on the 4th day of October the plaintiff refused to accept a conveyance and to pay the price. The tender of a deed was therefore unnecessary. Besides, a deed had previously been tendered and refused.

Order affirmed.